UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IVAN VON STAICH,

        Plaintiff,

vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS; LINDA L. RIANDA,
Chief, Inmate Appeals Branch,
individually and in her official capacity;
and CTF-Soledad Captain J. CLANCY,
in his official capacity,

        Defendants.

                                /

No. C 04-2799 PJH (PR)

**ORDER REOPENING CASE;
SCHEDULING ORDER**

This is a civil rights case filed pro se by a state prisoner. In his complaint he contended that cutting his hair to comply with the prison grooming policy, which limited prisoners' hair to three inches in length, would violate his Nazirite religious beliefs, and that the punishment he received for failing to comply with the grooming policy violated Section 1983; 42 U.S.C. § 2000cc *et seq*, the Religious Land Use and Institutionalized Persons Act (RLUIPA); and 42 U.S.C. § 12102(2), the Americans with Disabilities Act (ADA).

Several claims were dismissed in the initial review order. After service and briefing, the court granted the motion to dismiss filed by the remaining defendants, Rianda and Clancy, entered judgment and closed the case.

Plaintiff appealed the judgment in this case and that in a parallel habeas case, *Von Staich v. Hamlet*, No. C 02-5305 PJH (PR). The cases were consolidated on appeal. The Ninth Circuit affirmed the judgment in the habeas case and affirmed as to most points in this case, but reversed as to plaintiff's ADA claim and his injunctive relief claim under

RLUIPA. The court remanded "to allow plaintiff leave to amend his complaint."

Although plaintiff has not requested leave to amend, the circuit's remand requires that he be granted leave to amend to allege that he is suffering "on-going punishment for his overlong beard." Plaintiff therefore will be granted leave to file an amended complaint.

Because an amended complaint completely replaces all previous complaints, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), the amended complaint must contain all the claims plaintiff wishes to pursue. In deciding which to include, he should bear in mind that the dismissal of plaintiff's claims under section 1983 was affirmed on appeal, so those claims cannot be reinserted into the case in the amended complaint. On the other hand, the circuit reversed as to the court's holding that the ADA claim was not exhausted and as to the injunctive relief portion of his RLUIPA claim. Those claims therefore may be included in the amended complaint.

Plaintiff should note that the circuit's instruction on remand was to allow amendment to allege "on-going punishment for his overlong beard," so that is the limit of the new claims which may be included; if he wishes to raise other new claims, he must first obtain permission from the court or a written stipulation to the amendment from the opposing parties. *See* Fed. R.Civ.P. 15(a)(2).

**CONCLUSION**

1. The clerk shall reopen this case.

2. Plaintiff is **GRANTED** leave to file an amended complaint within thirty days of the date this order is entered. The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Failure to amend within the designated time will result in the dismissal of the case. Upon amendment the court will enter a scheduling order setting deadlines for further dispositive motions or trial.

3. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion.

Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: December 18, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.04\STAICH799.REOPEN.wpd