**United States District Court**

For the Northern District of California

1

2

3                      UNITED STATES DISTRICT COURT

4                      NORTHERN DISTRICT OF CALIFORNIA

5

6

7    IVAN VON STAICH,

8                    Plaintiff,                    No. C 04-2799 PJH (PR)

9        vs.                                       **ORDER DENYING
                                                   PLAINTIFF'S MOTION TO**
10   CALIFORNIA DEPARTMENT OF                      **SET ASIDE JUDGMENT**
     CORRECTIONS; LINDA L. RIANDA,
11   Chief, Inmate Appeals Branch,
     individually and in her official capacity;
12   and CTF-Soledad Captain J. CLANCY,
     in his official capacity,
13
                    Defendants.
14   _____/

15          This is a civil rights case filed pro se by a state prisoner.  At the parties' joint request

16   it was referred to the court's mediation program, where it was settled.  The parties filed a

17   stipulated dismissal.  Plaintiff has now moved to set aside the settlement and dismissal.  .

18          Plaintiff moves to "Strike Defendants Motion for Dismissal ...."  The "Motion for

19   Dismissal" to which he refers is the stipulated dismissal of this case, signed by plaintiff,

20   counsel for defendants, and staff counsel for the California Department of Corrections and

21   Rehabilitation.  Plaintiff claims that things which he was orally promised were not

22   incorporated in the agreement he signed, and that he agreed to settle under duress from

23   not having eaten or been given a bathroom break.

24          Defendants contend that because the case has been dismissed the court lacks

25   jurisdiction to entertain plaintiff's motion.  But as defendants recognize, the motion can be

26   construed as a motion to set aside judgment under Rule 60(b) of the Federal Rules of Civil

27   Procedure, which of course is specifically intended to be applicable to closed cases.  This

28   basis for denying plaintiff's motion is without merit.

**United States District Court**
For the Northern District of California

1    The motion will be construed as a motion to set aside the judgment under Rule

2  60(b).  Defendants contend that as a Rule 60(b) motion it is without merit.  They have

3  provided a declaration from the prison litigation coordinator, who was present at the

4  settlement conference, detailing what occurred there, and photographs of the rooms used.

5  Much of the basis for plaintiff's motion is irrelevant, for instance his contention that the

6  magistrate judge did not sign it or that there were terms of agreement that were not

7  incorporated in the written settlement agreement; plaintiff signed it, and does not deny

8  having done so, and the agreement clearly states that it incorporates all the terms to which

9  the parties have agreed.  As to the duress argument, it is undisputed that plaintiff did not

10  complain or ask for a break or food.

11    In short, for the reasons set out in defendants' opposition and evinced by the

12  settlement agreement itself, the motion (document number 90 on the docket) is **DENIED**.

13  Because the case is closed and will not be reopened, all pending motions (documents

14  number 83, 86, 92 and 97) are **DENIED** as moot.

15    **IT IS SO ORDERED.**

16  Dated:  March 19, 2009.    _____

17                    PHYLLIS J. HAMILTON
                    United States District Judge

18

19

20

21

22

23

24

25

26

27

28  G:\PRO-SE\PJH\CR.04\STAICH799.RECON.wpd

2